IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | 1:20CR49 (1) |
| v. | § | Judge Thad Heartfield |
| | § | |
| JORGE SAYON (1) | § | |

## FACTUAL BASIS AND STIPULATION

The United States of America, presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant, **Jorge Sayon** and the defendant's attorney **Sergio Sanchez**, and presents this factual basis and stipulation in support of the defendant's plea of guilty to Count One of the indictment, and in support thereof, would show the following:

1. That the defendant hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to Count One of the indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to possess with the intent to distribute a controlled substance, namely at least 400 grams or more of a mixture or substance containing fentanyl.

2. That the defendant, who is pleading guilty to such indictment, is one and the same person charged in the indictment.

3. That the events described in the indictment occurred in the Eastern District of Texas and elsewhere.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the third superseding indictment; specifically, the government would have proven the following stipulated facts:

   a. Since at least May 2017, **Ruben Flores Pulido, Ivan Castano-Aguirre** and **Javier Hernandez,** supervised, managed and controlled a drug trafficking organization of more than five people that distributed cocaine HCL and fentanyl and laundered narcotics proceeds in Houston, Texas, Southeast Texas, Atlanta, Georgia, Chicago, Illinois, and Monterrey, Mexico.

   b. Through a confidential source, DEA agents learned that that the **Flores DTO** used several stash houses in the Houston area and that a significant one was at 2534 Kowis St., Houston, Texas. The source told agents that since January 2017, he/she had been in the house several time and saw **Flores** and **Hernandez** use the residence to both unload narcotics and currency as well as pack narcotics and currency. The source said that they used Chrysler 200s for transport because they have a natural hidden compartment in the front fender area.

   c. On June 17, 2017, they saw the a 200 leave and head east on I-10. A LPR in Georgia put the Chrysler 200 there on June 21. On June 22, 2017, Beaumont PD pulled over the Chrysler 200 in Beaumont, which is in the Eastern District of Texas. A search revealed a hidden fender compartment but nothing was in the hidden compartment. It was opened recently, though. This vehicle had transported narcotics and narcotics proceeds through the Eastern District of Texas. A transaction was done with narcotics currency representing the proceeds of a narcotics between **Flores** and the purchaser of the narcotics and the courtier. The transaction was arranged in way to conceal the nature of the narcotics currency as being proceeds of a narcotics sale. The hidden compartment allowed the courier to conceal the nature of the currency as proceeds, which, in turn, concealed the fact a narcotics transaction was occurring.

   d. On June 26, 2018, agents intercepted a call where **Flores** told **Castano-Aguirre** that **Jorge Sayon** who Castano-Aguirre recruited had picked up

illegal narcotics and was traveling back to Houston, Texas, in a white Ford Edge. Agents relayed this information to Texas DPS who were able to locate the Ford Edge traveling Southbound on Interstate 45 through Montgomery County. During a traffic stop of **Sayon**, DPS Troopers located two bags found to contain approximately 2 kilograms of cocaine HCL and 16.5 kilograms of fentanyl, 11.5 of which were in pill form.

e. From July 2018 through January 2019, **Sayon** agreed with at least one other person to possess with intent to distribute at least 2 kilograms of cocaine HCL and 16.5 kilograms of fentanyl.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

5. I have read this factual basis and stipulation and the indictment or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that the United States can prove each of these acts and that it accurately describes the events about my acts and the events as recited as I know them.

Dated: 9/29/2021

JORGE SAYON
Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the indictment and have reviewed them with my client, **Jorge Sayon**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 9/29/2021

_____
SERGIO SANCHEZ
Attorney for the Defendant

Respectfully submitted,

NICHOLAS J. GANGEI
ACTING UNITED STATES ATTORNEY

_____
CHRISTOPHER RAPP
Assistant United States Attorney
Eastern District of Texas
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 Fax
Arizona Bar No. 025704